IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ELIZABETH S. PENCE, | ) | Bankr. Case No. 13-61117 |
| | ) | |
| Debtor. | ) | |
| ------------------------------------------------------ | ) | |
| JUDY A. ROBBINS, | ) | |
| UNITED STATES TRUSTEE | ) | |
| FOR REGION FOUR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 13-060__ |
| | ) | |
| ELIZABETH S. PENCE, | ) | |
| | ) | |
| Defendant. | ) | |

Complaint to Deny Discharge

Comes now Judy A. Robbins, United States Trustee for Region Four, and seeks the denial of the discharge of the debtors and, in support thereof, states as follows:

1. Plaintiff is the United States Trustee for Region Four.

2. This adversary proceeding is one arising in the bankruptcy case of Elizabeth S. Pence ("defendant" or "debtor"). The bankruptcy case was commenced by the filing of a voluntary petition pursuant to chapter 7 of title 11. The petition, schedules, statements, and sworn declarations filed by the debtors pursuant to § 521 of the Bankruptcy Code, including amendments thereto, are incorporated by reference. Pursuant to the *Declaration Concerning Debtor's Schedules,* the *Declaration Under Penalty Of Perjury By Individual* at the end of the Statement of Financial Affairs, and the *Verification* at the end of their Official Form B22A ("Means Test") and amended Means Test, the debtor swore that the information contained in the

Schedules, Statement of Financial Affairs, and Means Test was true and correct. As provided in 28 U.S.C. § 1746, the declarations contained in the *Declaration Concerning Debtor's Schedules,* the *Declaration Under Penalty Of Perjury By Individual* at the end of the Statement of Financial Affairs, and the *Verification* at the end of the Means Test had like force and effect as an oath.

Procedural Background

3. The deadline to object to the defendant's discharge is August 26, 2013.

4. In this case, the United States Trustee appointed William F. Schneider as the defendant's chapter 7 trustee to, among other things, examine the defendants under oath pursuant to § 341 of the bankruptcy code. The first date set for the meeting of creditors was June 25, 2013. On June 25, 2013, the defendant's counsel appeared, but the defendants did not and the meeting of creditors was continued to July 16, 2013. On July 16, 2013, the defendant appeared and was examined under oath by Mr. Schneider.

5. During the meeting of creditors, the defendant testified under oath that her schedules and statements were accurate and that she accurately disclosed all of her assets and liabilities.

6. This complaint objecting to discharge was timely filed on August 23, 2013.

Factual Background

7. On her Schedule B, the debtor listed three vehicles, a 1992 Chevrolet pickup truck, a 1994 Toyota Camry and a 2006 GMC Envoy.

At the § 341 Meeting of Creditors, the debtor testified that she had given the 1994 Camry to her mother and the 1992 Chevrolet pickup truck to a friend, Scott Jordan. These transfers were not disclosed in the debtor's Schedules or Statement of Financial Affairs.

8. The debtor did not list on Schedule B her ownership interest in Bruce's Drugstore or any inventory, fixture, etc. associated with same.

At the § 341 Meeting of Creditors, the debtor testified both that Richard Sago and the Estate of Richard Sago sold Bruce's Drugstore to her, that the business was incorporated and that the debtor owned the business and any remaining inventory.

9. At the § 341 Meeting of Creditors, the debtor testified that Bruce's Drugstore had ceased operations on March 1, 2013. The operating statements for Bruce's Drugstore provided to the chapter 7 Trustee showed business income for March and April 2013.

The trustee requested an explanation for the conflicting information reflected in the debtor's testimony and the operating statements. As of August 22, 2013, the trustee had not received the requested explanation.

10. Debtor scheduled two bank accounts on Amended Schedule B at No. 2, the following: (1) BB&T Checking Account, zero balance, and (2) BB&T Checking Account, zero balance. Debtor also disclosed on the Statement of Financial Affairs at No. 11, closed financial accounts as (1) Old Dominion Bank, checking account, closed 11/2012 and BB&T checking account, closed 11/2012.

At the § 341 Meeting of Creditors, the debtor testified she had two accounts at BB&T and two accounts at Old Dominion, but after specific questioning by the trustee, Debtor testified she had a personal account at BB&T, a business account at BB&T and a business account at Old Dominion. The debtor testified that she did not have copies of any of the bank statements. Debtor testified that they were sent to her by electronic means, but that she did not have any of the statements and that she was unable to access the accounts.

11. At the § 341 Meeting of Creditors, the debtor testified that she had not filed her 2012 tax return and that her accountant was holding it because she owed him $5,000.

The chapter 7 trustee requested a copy of the debtor's 2011 tax return and contact information for the accountant. As of August 22, 2013, the chapter 7 trustee has not received the 2011 tax return.

12. On the original Schedule B, the debtor scheduled jewelry (5 rings, 4 watches and 5 bracelets) as having a value of $100.

At the § 341 Meeting of Creditors, the debtor testified that the most valuable piece of jewelry she owned was the necklace she was wearing and that the necklace value equated with the current value of gold.

On the amended Schedule B, the debtor scheduled the previously undisclosed necklace as having a value of $1,000.

13. On the original Schedule B, the debtor scheduled "9 paintings" as having a value of $3,000.

At the § 341 Meeting of Creditors, the trustee inquired with regard to an allegation made by a creditor that, at one time, the debtor had stated that she had possessed paintings worth $50,000. At the meeting, the debtor denied that she owned any paintings, aside from one painted by her brother when he was in high school.

On the amended Schedule B, the debtor scheduled "9 lithograph-prints" with a value of $3,000.

First Cause of Action

14.	The allegations contained in paragraphs 1 – 13 are incorporated herein as if repeated in their entirety.

15.	The plaintiff objects to the discharge of the debtor pursuant to 11 U.S.C. § 727(a)(2)(A) on the grounds that the debtor transferred property with the intent to hinder, delay or defraud her creditors. In the alternative, the plaintiff objects to the discharge of the debtor pursuant to 11 U.S.C. § 727(a)(2)(A) on the grounds that the debtor transferred property with the intent to hinder, delay or defraud an officer of the estate.

16.	The discharge of defendant should be denied under 11 U.S.C. § 727(a)(2).

Second Cause of Action

17.	The allegations contained in paragraphs 1 - 16 are incorporated herein.

18.	Plaintiff objects to the discharge of the defendant pursuant to 11 U.S.C. § 727(a)(4) on the grounds that the defendant knowingly and fraudulently made false oaths in this case.

19.	Under penalty of perjury, defendant certified that the statements and schedules filed herein were true and correct to the best of the defendant's knowledge, information and belief, when in truth and fact, as then defendant well knew, the statements and schedules failed to accurately disclose property owned as well as property transferred by the debtor.

20.	As provided in 28 U.S.C. § 1746, such certification had like force and effect as an oath.

21.	The debtor's discharge should be denied under 11 U.S.C. § 727(a)(4).

For a Third Cause of Action

22.	The allegations contained in paragraphs 1 – 21 are incorporated herein.

23. Plaintiff objects to the discharge of the defendant pursuant to 11 U.S.C. § 727(a)(4)(D) on the grounds that the defendant withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records and papers, relating to the defendant's property or financial affairs.

24. The debtor's discharge should be denied under 11 U.S.C. § 727(a)(4).

<u>For a Fourth Cause of Action</u>

25. The allegations contained in paragraphs 1- 24 are incorporated herein.

26. Plaintiff objects to the discharge of the defendant pursuant to 11 U.S.C. § 727(a)(5) on the grounds that the defendant has failed to explain satisfactorily any loss of assets or deficiency of assets to meet the debtor's liabilities.

27. The debtor's discharge should be denied under 11 U.S.C. § 727(a)(5).

WHEREFORE, plaintiff prays that the discharge of this debtor from her debts be denied, and that plaintiff have such other and further relief as is just.

Dated: 23 August 2013　　　　　　　　　　　JUDY A. ROBBINS
　　　　　　　　　　　　　　　　　　　　　United States Trustee for Region Four

　　　　　　　　　　　　　　　　　　　　　By: */s/ Margaret K. Garber*

Margaret K. Garber (VSB No. 34412)
Office of the United States Trustee
210 First Street, Suite 505
Roanoke, Virginia 24011
margaret.k.garber@usdoj.gov
(540) 857-2806