UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| ELIZABETH S. PENCE ) | Case Number 13-61117 |
| JOY W. GIFFIN, ) | |
|     Debtor. ) | |
| ) | |
| JUDY A. ROBBINS, ) | |
| United States Trustee For Region Four, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Adv, Proc. No. 13-060 |
| ) | |
| ELIZABETH S. PENCE ) | |
| ) | |
|     Defendant. ) | |

ANSWER TO COMPLAINT TO DENY DISCHARGE

COME NOW the Debtor, ELIZABETH S. PENCE, by counsel, and in response to the Complaint to Deny Discharge filed in this matter states as follows:

1. The Defendant, based upon her best belief and knowledge admits the allegations contained in Paragraph 1 of the Complaint filed in this matter.

2. The Defendant, based upon her best belief and knowledge admits the allegations contained in Paragraph 2 of the Complaint filed in this matter.

3. The Defendant, based upon her best belief and knowledge admits the allegations contained in Paragraph 3 of the Complaint filed in this matter.

4. The Defendant, based upon her best belief and knowledge admits the allegations contained in Paragraph 4 of the Complaint filed in this matter.

5. The Defendant, based upon her best belief and knowledge admits the allegations contained in Paragraph 5 of the Complaint filed in this matter.

6. The Defendant, based upon her best belief and knowledge admits the allegations contained in Paragraph 6 of the Complaint filed in this matter.

7. The Defendant, based upon her best belief and knowledge admits the allegations contained in Paragraph 7 of the Complaint filed in this matter. The Defendant further affirmatively states that the 1994 Camry and 1992 Chevrolet are listed on her homestead deed as exempt. The Debtor does not have an independent recollection as to when she may have given the vehicles away. The vehicles are still titled in the Debtor's name.

8. The Defendant admits that she did not list her ownership in Bruce's Drugstore, Inc. The corporation had been shut down by the Virginia Board of Pharmacy and the location was, according to the Defendant's best information and belief, seized by the Board of Pharmacy and was no longer owned by the corporation. The Defendant affirmatively states that all records and property were locked up and the Defendant has not had any access to obtain any of the records. The Defendant further affirmatively states that another business has taken over the facility and the Defendant is not allowed access to the property.

9. The Defendant admits that she prepared operating statements based upon what the history of the business had done and prepared them prior to being shut down by the Virginia Board of Pharmacy in March of 2013 and the Defendant affirmatively states that she has been trying to function with all of the turmoil occurring in her life and that this was just reactionary action when she was told to prepare operating statements for 6 months. The Defendant affirmatively states that she did not have any intent to not be accurate but that the Defendant has had a difficult time being able to function on a daily basis.

10. The Defendant does not understand the allegations contained in Paragraph 10 of the Complaint and states that she disclosed her personal accounts but did not disclose any

business accounts because the business has not filed for bankruptcy and that the accounts complained of by the Plaintiff are business accounts and not the property of the Defendant.

11.    The Defendant admits that she testified that she had not filed her 2012 personal income tax return because her accountant would not release them.  Then only returns that the Defendant could find were the corporate returns for 2011 and prior years.  The Defendant affirmatively states that she cannot find any copies of her personal income tax returns.

12.    The Defendant admits the allegations in paragraph 12 of the Complaint and states that with everything that has happened and is happening to her, this was an oversight on her part.

13.    The Defendant, based upon her best belief and knowledge admits the allegations contained in Paragraph 13 of the Complaint filed in this matter.

First Cause of Action

14.    The Defendant incorporates and realleges the responses to the allegations contained in paragraphs 1 through 13 inclusive of the Complaint filed herein.

15.    The Defendant, based upon her best belief and knowledge, denies the allegations contained in paragraph 15 of the Complaint filed herein and hereby puts the Plaintiff to her proof thereon.

16.    The Defendant, based upon her best belief and knowledge, denies the allegations contained in paragraph 16 of the Complaint.

Second Cause of Action

17.    The Defendant incorporates and realleges the responses to the allegations contained in paragraphs 1 through 16 inclusive of the Complaint filed herein.

18.    The Defendant, based upon her best belief and knowledge, denies the allegations contained in paragraph 18 of the Complaint filed herein and hereby puts the Plaintiff to her proof thereon.

19. The Defendant, based upon her best belief and knowledge, denies the allegations contained in paragraph 19 of the Complaint filed herein and hereby puts the Plaintiff to her proof thereon.

20. The Defendant, based upon her best belief and knowledge, denies the allegations contained in paragraph 20 of the Complaint filed herein and hereby puts the Plaintiff to her proof thereon.

21. The Defendant, based upon her best belief and knowledge, denies the allegations contained in paragraph 21 of the Complaint.

Third Cause of Action

22. The Defendant incorporates and realleges the responses to the allegations contained in paragraphs 1 through 21 inclusive of the Complaint filed herein.

23. The Defendant, based upon her best belief and knowledge, denies the allegations contained in paragraph 23 of the Complaint filed herein and hereby puts the Plaintiff to her proof thereon.

24. The Defendant, based upon her best belief and knowledge, denies the allegations contained in paragraph 24 of the Complaint.

Fourth Cause of Action

25. The Defendant incorporates and realleges the responses to the allegations contained in paragraphs 1 through 24 inclusive of the Complaint filed herein.

26. The Defendant, based upon her best belief and knowledge, denies the allegations contained in paragraph 26 of the Complaint filed herein and hereby puts the Plaintiff to her proof thereon.

27. The Defendant, based upon her best belief and knowledge, denies the allegations contained in paragraph 27 of the Complaint.

28. All factual allegations in the Complaint not otherwise specifically admitted or denied are hereby denied by the Defendant.

WHEREFORE, the Defendant hereby requests that this matter be dismissed and for such other relief as the Court deems appropriate under the circumstances.

Dated: October 1, 2013

Respectfully submitted,

ELIZABETH S. PENCE,
Debtor
By counsel

/s/ Larry L. Miller
Larry L. Miller, Esquire, Bar #43345
MILLER LAW GROUP, PC
1160 Pepsi Place, Suite 341
Charlottesville, VA 22901
Telephone: (434) 974-9776
Fax: (434) 974-6773
Counsel for Debtor

## Certificate of Service

I hereby certify that on this 1st day of October, 2013, served a true and correct copy of the foregoing was sent to the following via the Court's ECF system:

> Margaret K. Garber, Esq.
> Office of United States Trustee
> First Campbell Square
> 210 First Street - Suite 505
> Roanoke, Virginia 24011

/s/ Larry L. Miller